UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY WESTBROOK,
        Plaintiff,

                                    Case No. 1:07-cv-937

-v-

                                    HONORABLE PAUL L. MALONEY
                                    HONORABLE ELLEN S. CARMODY

COLLEEN O'BRIEN et al.,
        Defendants.

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This Court has before it a Report and Recommendation (Dkt. No. 3) and Objections (Dkt. No. 4). Plaintiff Westbrook, an inmate under the control of the Michigan Department of Corrections (MDOC) filed a complaint on September 21, 2007. Plaintiff alleges he has been illegally detained because various state agents involved in his criminal case, the state court judge, the Michigan Prosecuting Attorney, the assistant prosecuting attorney assigned to his case and his court appointed attorney, are not registered as foreign agents with the United States Attorney General as required by the Foreign Agents Registration Act, 22 U.S.C. § 611, *et seq.* Plaintiff seeks his immediate release and an order vacating his sentences. The complaint was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge. The Magistrate Judge issued a Report and Recommendation (R&R) in which she recommended dismissing the complaint for failure to state a claim. Plaintiff filed his objection timely.

I. STANDARD OF REVIEW

After being served with a report issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED.

R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

This Court conducted a de novo review. Having read the file, including the report, recommendations and relevant authority, the Report and Recommendation is adopted over Plaintiff's objections.

II. ANALYSIS

The Magistrate Judge reviewed the complaint, as required by the Prison Litigation Reform Act, to determine if the claim was frivolous, malicious, failed to state a claim, or sought monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Magistrate Judge interpreted the complaint as a § 1983 claim. In addition, the Magistrate Judge concluded that the complaint must necessarily invoke 28 U.S.C. § 2254 (habeas relief) as Plaintiff

is a prisoner in custody of the State of Michigan and was challenging his confinement. The Magistrate Judge concluded there was no legal basis under either statute for Plaintiff's request that he be immediately released due to the alleged illegal actions of foreign agents.

Plaintiff objects to the conclusion that the complaint is necessarily brought under § 1983 and 42 U.S.C. § 1997e(c). Plaintiff explains that his complaint arises under 22 U.S.C. § 611 *et seq.* (the Foreign Agents Registration Act), 4 U.S.C. §§ 101 and 102 (oath of office required of state officers) and 28 U.S.C. § 1331 (federal question jurisdiction).

Plaintiff's objection is overruled. For the sake of argument only, and this Court explicitly expresses grave doubts about the legal basis of Plaintiff's complaint, accepting Plaintiff's objection does not create a claim for which relief may be granted. None of the statutes cited in the complaint provide the basis for a private civil action. *See Thompson v. Thompson*, 484 U.S. 174, 179-180 (1988) (outlining when to infer a private cause of action in a federal statute). *See also Comm. for a Free Namibia v. South West Africa People's Org.*, 544 F. Supp. 722, 725-726 (D.D.C. 1982) (holding that enforcement of the Foreign Agents Registration Act is left to the federal government and does not provide a private cause of action). Therefore, in order to state a claim for which relief may be granted, Plaintiff must rely on some other statute which would allow him to challenge the actions he alleges are illegal. For example, a person who alleges a violation of a right secured by the United States Constitution or federal law by a person acting under color of state law may raise a claim under 42 U.S.C. § 1983. *See generally Blessing v. Freestone*, 520 U.S. 329, 340-341 (1997). However, the Supreme Court has repeatedly held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact and duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). *See also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (holding a § 1983 action

will not lie when a state prisoner seeks an immediate release from prison).

Plaintiff objects to the Magistrate Judge's application of § 1983 and the habeas statute to his complaint, but not to the Magistrate Judge's interpretation of those statutes.  This Court finds both the application and interpretation appropriate.  Plaintiff has not identified, in either the complaint or in his objection, any legal authority which would allow him to challenge the validity of his conviction as an illegal action by alleged agents of a foreign power.[1]

ORDER

The Report and Recommendation (Dkt. No. 3) is **ADOPTED OVER OBJECTIONS.** Plaintiff's objections (Dkt. No. 4) are **DENIED.**

Plaintiff's complaint is **DISMISSED**.  This dismissal will count as a strike for purposes of 28 U.S.C. § 1915 (g).

The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915 (a)(3).  See McGore v. Wrigglesworth, 114 F. 3d 601, 611 (Cir. 1997).

Date:   November 15, 2007             /s/ Paul L. Maloney
                                                                            Paul L. Maloney
                                                                            United States District Judge

---

[1]The complaint also mentions the Supremacy Clause.  The Supremacy Clause does not create a private cause of action.  *See generally Legal Envtl. Assistance Fund., Inc. v. Pegues*, 904 F.2d 640, 643-644 (11th Cir. 1990).