UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY WESTBROOK,
           Plaintiff,

                                          Case No. 1:07-cv-937

-v-

                                          HONORABLE PAUL L. MALONEY
                                          HONORABLE ELLEN S. CARMODY

COLLEEN O'BRIEN et al.,
           Defendants.

ORDER DENYING PLAINTIFF'S MOTION ASKING FOR RE-REVIEW
ON DENIAL AND DISMISSAL

This Court has before it Plaintiff Westbrook's Motion titled "Asking for Re-Review on Denial and Dismissal" (Dkt. No. 6).

Upon review, this Court interprets Plaintiff's motion as a motion for reconsideration of the order adopting the Report and Recommendation over objections. Plaintiff has not cited any legal authority in support of his motion. Under the Local Rules, a party may request reconsideration of an order. W.D. MICH. L. R. CIV. P. 7.4(a). The moving party must demonstrate both a "palpable defect" by which the Court and parties have been mislead and a show that a different disposition of the case must result from the correction of the mistake. *Id.*

Plaintiff explains that his complaint was intended to be a petition for writ of habeas corpus under 28 U.S.C. § 2254 and not a general civil suit. Plaintiff concedes that this Court correctly concluded he failed to state a claim, assuming the action was filed as a general civil suit. Plaintiff acknowledges he failed to cite Section 2254 in his complaint and instead cited 28 U.S.C. § 1331. Plaintiff requests this Court remove the strike against him for the purposes of 28 U.S.C. § 1915(g), the three strikes restriction on prisoner civil suits. Plaintiff also requests this Court refund $345.00 of the $350.00 filing fee.

Plaintiff's motion is DENIED.  Plaintiff has not established any palpable defect by which this Court was misled.  Plaintiff concedes this Court was correct in concluding the complaint, as written, failed to state a claim.  Plaintiff was afforded an opportunity to correct any mistaken assumptions regarding his complaint through his objections to the Report and Recommendation. The Magistrate Judge clearly explained the problem with Plaintiff's complaint as written and concluded that the complaint should have been filed as a petition for habeas corpus rather than as a civil rights action. Plaintiff's objection reiterated that his complaint was filed under 28 U.S.C. § 1331, among other statutes.  Plaintiff never referenced Section 2254 in either the complaint or the objection. Plaintiff has also not established that correction of the alleged error must necessarily result in a different disposition.   Plaintiff's prayer for relief is not a rejection of the Report and Recommendation. Rather, Plaintiff seeks to voluntarily dismiss the complaint. Plaintiff functionally adopts the Magistrate Judge's reasoning and concludes he should be allowed to withdraw his complaint and have his filing fee refunded.  This Court is unaware of any legal authority allowing such a course of action.

Plaintiff's Motion Asking for Re-Review on Denial and Dismissal (Dkt. No. 6) is **DENIED.** **IT IS SO ORDERED.**


Date:   December 10, 2007                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge

2